**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1018
_____

AARON REDDICK,
                                        Appellant

v.

DAVID A. KRENKEL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:13-cv-07928)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2018

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: July 17, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Aaron Reddick appeals pro se from the order of the United States District Court for the District of New Jersey denying his motion to reopen his case.  For the reasons that follow, we will affirm.

On December 31, 2013, Reddick filed a complaint in the District Court of New Jersey against Defendant Krenkel, his former attorney who represented him in an appeal from a state court employment discrimination case.  In his complaint, Reddick alleged that Krenkel "negligently failed to act with the degree of competence generally possessed by [a]ttorneys," "committed [m]alpractice and breach [f]iduciary duties," "fail[ed] to know or apply law," and conducted an "[i]nadequate [i]nvestigation."  Dkt # 1, at  2.

In October 2014, Krenkel filed a motion to dismiss for lack of jurisdiction.  On April 20, 2015, the District Court granted Krenkel's motion because there was no diversity of citizenship (as both parties were residents of New Jersey).  Approximately two years later, in April 2017, Reddick filed a motion to reopen the case.  After a scheduled hearing wherein Reddick did not appear, the District Court denied his motion to reopen in June 2017.  In July 2017, Reddick filed what appeared to be an identical motion to reopen.  A hearing was scheduled, and Reddick again did not appear.  In September 2017, the District Court then denied his motion.  Later that month, Reddick filed a letter regarding his motion to reinstate his case, construed by the District Court as a motion to reopen.  In October 2017, the District Court denied his request.  Reddick again filed a motion to reopen in November 2017.  On December 4, 2017, the District

2

Court denied Reddick's motion. Reddick filed a timely notice of appeal, appealing the District Court December 4, 2017 order. Krenkel subsequently filed a motion to strike Reddick's appendix and dismiss the appeal, or in the alternative, for leave to file a supplemental appendix, with this Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We construe Reddick's motion to reopen as seeking relief pursuant to Federal Rule of Civil Procedure 60(b), and review the denial of such motion for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Under Rule 60(b), a court may grant relief from a judgment or order for reasons of mistake, newly discovered evidence, fraud, or for any other justifiable reason. Fed. R. Civ. P. 60(b).[1]

Reddick has failed to provide any basis for relief under Rule 60(b). Instead, in his motions to reopen, as well as on appeal, Reddick has continued to argue the merits of his case. In his fourth motion to reopen, Reddick claims that he was unaware of the previous hearings and that his absence should be excused. However, this allegation does not provide a justification for his two year delay in litigating his case[2] and we find no abuse of discretion in the District Court's decision to deny his motion to reopen. Accordingly, we will affirm the judgment of the District Court. All outstanding motions are denied.

---

[1] An appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review, unless it is filed within 28 days of the judgment. Fed. R. App. P. 4(a)(4)(A)(vi).

[2] Pursuant to Rule 60, "a motion under Rule 60(b) must be made within a reasonable time," and for motions based on mistake, newly discovered evidence, and fraud, such motions must be made "no more than a year after the entry of judgment." Fed. R. Civ. P.

4(c)(1).